UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN M. GODINA, JR.,           :
     Plaintiff,            :
                        :
v.                          :        CIVIL ACTION NO.
                        :        3:07-cv-497(VLB)
                        :
RESINALL INTERNATIONAL INC. ET AL.,  :
     Defendants.         :        December 1, 2009

MEMORANDUM OF DECISION AND ORDER GRANTING IN PART AND
DENYING IN PART THE DEFENDANTS' MOTION TO DISMISS [DOC. #139]

The Plaintiff, John M. Godina, Jr. ("Plaintiff"), brings this action for
compensatory and punitive damages against his former employer Resinall Corp.
and affiliated companies Resinall International, Inc., Resinall Mississippi, Inc., and
Resinall Inc. (collectively "Resinall Defendants"), asserting violations of the
Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq. ("E.R.I.S.A.").
In addition, the Plaintiff asserts E.R.I.S.A. claims against Resinall Corp.'s Deferred
Compensation Plan (the "Plan") and Lee Godina as a fiduciary of the Plan.
Presently pending before the Court is the Resinall Defendants' motion to dismiss
for failure to comply with Fed. R. Civ. P. 15, failure to state a claim upon which relief
can be granted pursuant to Fed. R. Civ. P. 12(b)(6), and lack of jurisdiction pursuant
to Fed. R. Civ. P. 12(b)(5).  For the reasons set forth below, the Defendants' motion
is GRANTED IN PART and DENIED IN PART.

I.  Factual and Procedural Background

On February 27, 2007, the Plaintiff filed a six-count complaint in Connecticut
Superior Court against the Resinall Defendants, alleging non-payment of retirement

benefits due under a deferred executive compensation plan along with related claims.  On March 30, 2007, the Defendants removed the case to this Court.  On November 28, 2007, this Court dismissed the Plaintiff's claims for negligent misrepresentation, breach of the implied covenant of good faith and fair dealing, and violation of the Connecticut Unfair Trade Practices Act.  See Doc. #34.  The Resinall Defendants subsequently filed a motion for judgment on the pleadings as to the remaining three counts, alleging that these claims were preempted by E.R.I.S.A..  The Plaintiff objected and attached a Proposed Amended Complaint to his memorandum in opposition in an attempt to cure the defects in his original Complaint.  On July 22, 2009, the Court denied the Defendants' motion but ordered the Plaintiff to revise his Complaint to specifically state the sections of E.R.I.S.A. upon which he relied.  See Doc. #122.  The Plaintiff filed an Amended Complaint on July 24, 2009, but that Complaint cited the entirety of E.R.I.S.A. and failed to plead which specific sections of E.R.I.S.A. were violated by the conduct alleged.  Accordingly, on September 4, 2009, the Court granted the Plaintiff one additional opportunity to amend the Complaint to properly specify the legal basis for his claims.  See Doc. #133.  On September 14, 2009, the Plaintiff filed a Second Amended Complaint alleging three counts and identifying the specific E.R.I.S.A. provisions that he claims were violated by each of the Defendants.  On October 5, 2009, the Resinall Defendants filed the present motion to dismiss.  See Doc. #139.

The Second Amended Complaint alleges the following facts relevant to the Resinall Defendants' motion to dismiss.  The Plaintiff, a Florida resident, was formerly the President of Resinall Corp.  Resinall Corp. is the parent corporation of

2

Resinall International, Inc., Resinall Mississippi, Inc. and Resinall Inc.  Resinall
International Inc. has it's principal place of business in Connecticut, and the
remaining defendants transact business in Connecticut.

The Resinall Defendants were formerly a division of Ziegler Chemical and
Mineral Corporation ("Ziegler"), which was previously known as Carolina
Processing Corporation ("Carolina").  The Plaintiff first began working for Carolina
in 1966 as a sales representative, eventually rising to the position of Vice President
of sales.  In 1981, the Plaintiff helped to found Resinall Corp. and became one of the
five original shareholders of the company.  He continued in his position as Vice
President of Sales and Marketing for Resinall Corp. until 1997, at which time he was
elevated to the position of President.  The Plaintiff served as President of Resinall
Corp. from 1997 to 2000, during which time he received a salary of $300,000 per
year.

The Plaintiff alleges that, over the course of his 35 years of employment with
the Resinall Defendants and their predecessors, he as well as other employees
assumed responsibilities and performed extra work that was not immediately
compensated.  Given that the Plaintiff and other key employees were not fully
compensated for their efforts, beginning in 1994, the Plaintiff, along with John
Godina, Sr., Lee Godina, Roger Burke, and Bill Zaccarelli, began planning for the
creation of a deferred compensation plan or other benefit plan to retain and reward
key employees for their past efforts.  An initial draft was prepared by Attorney
Arthur Kroll in August 1999, and was presented by Lee Godina, Executive Vice
President and Secretary of Resinall Corp.  Also in August 1999, a Pension

Committee of the Board of Directors was created.  The Pension Committee consisted of the Plaintiff and Lee Godina.  Between August 1999 and November 1999, the plan was amended as a result of the Plaintiff's concern that his and other beneficiaries' heirs would not receive deferred compensation in the event of their death.  Accordingly, the Plaintiff had Attorney Kevin O'Grady review the plan and recommend the inclusion of a provision for the heirs of the beneficiaries.

On or about November 20, 1999, Arthur Kroll, at Lee Godina's request, drafted the final version of the Plan.  The Plaintiff, Lee Godina, and Bill Zaccarelli, acting as Chief Financial Officer for Resinall Corp., each reviewed the Plan and deemed it appropriate.  On November 23, 1999, the Plaintiff met with Lee Godina and Bill Zaccarelli, and they reviewed the Plan a final time, then signed and notarized it.  The fiduciaries of the Plan at the time of its creation were the Plaintiff, Lee Godina, and Bill Zaccarelli.

After the Plan was signed and became binding, the Plaintiff continued to work for the Resinall Defendants as President at a salary of $300,000 per year.  In January 2000, the Plaintiff decided to leave his employment with the Resinall Defendants due to business and personal differences between himself and John Godina, Sr. Since that time, he has turned down offers of employment in competing businesses.

On November 15, 2002, letters signed by Lee Godina entitled "Supplemental Executive Retirement Plan" were sent to key employees William Zaccarelli, John Johnson, Kenneth Parker, Matthew Weston, Kenneth Cooley and Joe LeVine (the "New Plan").  The New Plan guaranteed the same level of benefits as those guaranteed in the original Plan for each of the key employees with the exception of

4

the Plaintiff and Lee Godina.  Around the same time in 2002, an escrow account containing approximately $100,000 that had been set aside to fund the Plaintiff's deferred compensation account was closed and the funds were returned to Resinall Corp.'s general fund.

On August 22, 2006, the Plaintiff reached age 60, and the Plaintiff's initial deferred compensation payment of $200,000 came due pursuant to the Plan. Shortly after that date, the Plaintiff met with John Godina, Sr., Lee Godina and other key employees of the Defendants and orally requested payment.  He was told at that time that he would not be receiving any payment pursuant to the Plan. Subsequently, on November 3, 2006, the Plaintiff sent a letter to John Godina, Sr. formally requesting the first payment due under the Plan.  To date, no payment has been made to the Plaintiff.

## II.  Discussion

The Resinall Defendants first argue that the Plaintiff has failed to comply with Fed. R. Civ. P. 15 because the Plaintiff's Second Amended Complaint makes drastic changes beyond what was contemplated by the Court's July 22, 2009 Order.  They assert that, rather than amending the Complaint simply to reflect the specific statutory provisions upon which the Plaintiff relies for relief as ordered by the Court, the Plaintiff instead added several defendants and claims and altered several key facts.

Fed. R. Civ. P. 15(a) provides that district courts freely give leave to amend a pleading "when justice so requires."  The Supreme Court has qualified this principle, however, stating that leave should not be freely given where there is good

5

reason to withhold it, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1982).

Here, the Resinall Defendants argue that they are unduly prejudiced by the changes to the Complaint because they have undertaken two years of discovery on the Plaintiff's original claims.  They further argue that the amendments are futile because they fail to pass the scrutiny of a Rule 12 motion.

The Court's July 22, 2009 Order directed the Plaintiff to revise his Complaint to "specify the section or sections of E.R.I.S.A. on which he relies" and also to "specify the facts relevant to each count he plans to allege."  See Doc. 122. Therefore, contrary to the assertion of the Resinall Defendants, the Court did grant the Plaintiff leave to plead additional facts necessary to support his claims under E.R.I.S.A..

In addition to identifying his E.R.I.S.A. claims, the Plaintiff's Second Amended Complaint also adds two Defendants not originally named in his original Complaint - the Plan itself and Lee Godina as fiduciary of the Plan.[1]  However, the Court need not address the appropriateness of permitting amendment of the Complaint to add

---

[1]  The Resinall Defendants state that certain additional parties appear to have been "implicitly" added as Defendants, namely the New Plan, Bill Zaccarelli, and the Pension Committee.  However, these parties were not specifically named as Defendants in the Second Amended Complaint and the Court will not assume that the Plaintiff intended to add them as Defendants.

these Defendants because, as the Resinall Defendants argue, all counts against these Defendants must be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) since they have not been served with process and therefore the Court lacks personal jurisdiction over them.  The Plaintiff does not contest the fact that he failed to serve Lee Godina and the Plan.  Instead, he merely claims that he has properly served the Resinall Defendants and it is therefore "unnecessary" to make service on the newly added Defendants.  The Plaintiff cites no authority in support of this proposition.

"[S]ervice of process is the means by which a court obtains personal jurisdiction over a defendant.  Accordingly, if service of process has not been properly effected, the court lacks personal jurisdiction over the defendant." Bernadin v. I.N.S., No. 01 MISC 153, 2002 WL 1267992, at *2 (E.D.N.Y. Apr. 22, 2002) (internal citations omitted).  Because the Plaintiff has failed to serve Lee Godina and the Plan, this Court currently lacks personal jurisdiction over these Defendants. Pursuant to Fed. R. Civ. P. 4(m), a Defendant must be served within 120 days after the complaint is filed, or the action must be dismissed against that defendant.  The Second Amended Complaint naming Lee Godina and the Plan as Defendants was filed on July 24, 2009.  Therefore, the time for serving these Defendants expired on November 21, 2009, and they must be dismissed from this action.

The Resinall Defendants further argue that this case must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the Plaintiff fails to state a claim upon which relief can be granted.  The Supreme Court clarified the standard governing a motion to dismiss for failure to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937

7

(2009).  "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  Id. at 1949. While Rule 8 does not require detailed factual allegations, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (internal citations omitted).

Count One of the Second Amended Complaint alleges violations of the following sections of E.R.I.S.A. as a result of the Defendants' failure to pay benefits to which the Plaintiff was entitled under the Plan:  29 U.S.C. § 1103(a), 29 U.S.C. § 1103(c), 29 U.S.C. § 1104(a), 29 U.S.C. § 1106(b)(1), 29 U.S.C. § 1106(b)(2), 29 U.S.C. § 1109, and 29 U.S.C. § 1132(a)(1).  The Resinall Defendants argue that all allegations in Count One implicating fiduciary misconduct must be dismissed because the Plan is a "top hat" plan and therefore the Plan and its fiduciaries are specifically exempted from E.R.I.S.A.'s fiduciary obligations.

E.R.I.S.A. exempts so-called "top hat" plans from it's fiduciary responsibility provisions.  See 29 U.S.C. § 1101(a)(1).  A top hat plan is defined as "a plan which is unfunded and is maintained by an employer primarily for the purpose of providing

deferred compensation for a select group of management or highly compensated employees." Demery v. Extebank Deferred Compensation Plan (B), 216 F.3d 283, 287 (2d Cir. 2000).  The Preamble to the Plan describes the Plan as "an unfunded deferred compensation arrangement for a select group of management to highly-compensated employees . . ."  Plan ¶ 1.  However, this is not dispositive of the Court's inquiry at this stage.  The Second Circuit has instructed district courts to engage in a "fact-specific inquiry, analyzing quantitative and qualitative factors in conjunction" to determine whether a plan is a top hat plan.  Demery, 216 F.3d at 283.  These factors include the percentage of employees invited to join the plan, the nature of their employment, and their negotiating power.  Id. at 288-90.  Proper consideration of these factors requires evidentiary proof and cannot be done at the motion to dismiss stage on the pleadings before the Court in this case.  See Fenwick v. Merrill Lynch & Co., No. 3:06-cv-880, 2007 WL 703613, at *5 (D. Conn. Mar. 5, 2007).  Moreover, the Plaintiff has also alleged that the Plan was in fact funded.  See Second Amended Complaint, ¶ 29 ("[I]n 2002, approximately $100,000.00 in funds that had been set aside in an escrow account to fund the Plaintiff's Deferred Compensation Account was closed and the funds were returned to the Defendant Resinall Corp.'s general fund.").  Accordingly, the Court declines to dismiss the Plaintiff's fiduciary misconduct claims.

However, the Court concludes that these claims may proceed against Resinall Corp. only.  The United States Supreme Court has held that an employer may qualify as a plan fiduciary if the employer exercises authority or control over

the plan or its assets as described in 29 U.S.C. § 1002(21)(A).[2]  See Varity Corp. v.
Howe, 516 U.S. 489, 498 (1996).  The Plaintiff alleges that, since its founding,
"Resinall Corp. has had decision making authority as to substantive policy
decisions of all other Defendants including policy decisions as to any and all
deferred compensation plans."  Second Amended Complaint, § 15.  Viewing the
facts in the light most favorable to the Plaintiff, the Court finds that the Plaintiff has
sufficiently alleged that Resinall Corp. exercised discretionary authority over
management of the Plan or its assets, and therefore is a fiduciary of the Plan.
However, there are no allegations in the Second Amended Complaint suggesting
that the remaining Resinall Defendants exercised any authority over the Plan or
otherwise qualify as a fiduciary of the Plan pursuant to 29 U.S.C. § 1002(21)(A).
Therefore, the fiduciary misconduct claims are dismissed as against Resinall
International, Inc., Resinall Mississippi, Inc., and Resinall, Inc.

The Resinall Defendants further argue that the one claim asserted in Count
One that does not implicate fiduciary misconduct, violation of 29 U.S.C. § 1132(a)(1),
must be dismissed as against the Resinall Defendants because claims under
E.R.I.S.A. for benefits may not be brought directly against an employer.  "In claims
for recovery of benefits pursuant to E.R.I.S.A. Section 502(a), 29 U.S.C. § 1132(a) . . .

---

[2] 29 U.S.C. § 1002(21)(A) states:  "[A] person is a fiduciary with respect to a
plan to the extent (i) he exercises any discretionary authority or discretionary
control respecting management of such plan or exercises any authority or control
respecting management or disposition of its assets, (ii) he renders investment
advice for a fee or other compensation, direct or indirect, with respect to any
moneys or other property of such plan, or has any authority or responsibility to do
so, or (iii) he has any discretionary authority or discretionary responsibility in the
administration of such plan."

'only the plan and the administrators and trustees of the plan in their capacity as such may be held liable.'" Fenwick, 2007 WL 703613 at *2 (quoting Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1199 (2d Cir. 1989)).  E.R.I.S.A. defines the term "administrator" as (1) "the person specifically so designated by the terms of the instrument under which the plan is operated;" (2) "if an administrator is not so designated, the plan sponsor;" or (3) "in the case of a plan for which an administrator is not so designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe."  29 U.S.C. § 1002(16)(A).  The Plaintiffs argue that the Resinall Defendants were the administrators of the Plan because there was no separate entity created to administer the Plan.  However, this argument is contradicted by the express terms of the Plan, which states, "The Plan shall be administer [sic] by the committee composed of such members as shall be appointed from time to time by the Board. The initial members shall be John M. Godina, Jr. and Lee Godina."  Plan ¶ 5.01. Because the Plan unambiguously designates the Committee as the plan administrator, the Resinall Companies cannot be considered the proper defendants for the Plaintiff's claim pursuant to 29 U.S.C. § 1132(a)(1).  See Fenwick, 2007 WL 703613 at *2 ("In this instance, the AE Plan unambiguously designates the Committee as the plan administrator and therefore the named defendants cannot be considered the proper defendants.  Courts following Second Circuit precedent have rejected plaintiffs' argument that the employer company is a proper defendant where members of the plan administrator Committee are appointed by the Board of

11

the Directors and serve as agents of the Board."); <u>see</u> <u>also</u> <u>Crocco v. Xerox Corp.</u>,

137 F.3d 105, 107 (2d Cir. 1998) (reversing district court's ruling and holding that

employer could not be held liable as an administrator where employer designated a

plan administrator, even though designated administrator was a company

executive, was compensated by the company, served at the pleasure of the CEO of

the company, would be reimbursed by the company in the event of a successful suit

against her based upon her actions on behalf of the plan, the company retained the

right to appoint claims administrators, and a separate agreement with an entity that

was contracted to provide case management of mental health treatment covered by

the plan named the employer as the party with final, independent responsibility for

determining benefit payments).  Accordingly, Count One is dismissed insofar as it

asserts a claim for violation of 29 U.S.C. § 1132(a)(1).

Finally, the Resinall Defendants argue that Count One in its entirety fails as a

matter of law because the Plaintiff has failed to exhaust all administrative remedies.

The Plaintiff responds by stating that the Plan does not call for any specific appeals

process, and that he has exhausted his administrative remedies by making an oral

request for payment upon John Godina, Sr., Lee Godina and other key employees of

the Resinall Defendants as well as a written request for payment in a letter sent to

John Godina, Sr.  <u>See</u> Second Amended Complaint ¶¶ 31 and 32.  E.R.I.S.A.

regulation 29 C.F.R. § 2560.503-1(l) provides:

> In the case of the failure of a plan to establish or follow claims
> procedures consistent with the requirements of this section, a claimant
> shall be deemed to have exhausted the administrative remedies under
> section 502(a) of the Act on the basis that the plan has failed to provide

> a reasonable claims procedure that would yield a decision on the merits
> of the claim.

The Plan at issue in this case does not set forth any specific claims procedures. Rather, it merely states as follows:  "The Committee shall handle all appeals from decisions or interpretations and such appeals shall be handled in the manner provided in the Employee Retirement Income Security Act of 1974, as amended or the regulations issued thereunder."  However, E.R.I.S.A. and its regulations do not specify default claims procedures, but instead require all E.R.I.S.A. plans to "establish and maintain reasonable procedures governing the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations" in compliance with certain enumerated "minimum requirements." 29 C.F.R. § 2560.503-1.  Since the Plan lacked a specific claims procedure prescribing the administrative remedies that the Plaintiff was required to exhaust before bringing suit, the Court finds that the Plaintiff is deemed to have exhausted his administrative remedies in accordance with 29 C.F.R. § 2560.503-1(l).  See Fenwick, 2007 WL 703613 at *4 (denying motion to dismiss for failure to exhaust administrative remedies where E.R.I.S.A. plan "prescribes no procedural remedies for plaintiffs to exhaust prior to bringing suit in district court") (citing Eastman Kodak Co. v. STWB, Inc., 452 F.3d 215 (2d Cir. 2006)).

Count Two of the Second Amended Complaint alleges violations of the following sections of E.R.I.S.A. as a result of the creation of the New Plan excluding the Plaintiff to his detriment:  29 U.S.C. § 1103(a), 29 U.S.C. § 1104(a), 29 U.S.C. § 1106(b)(1), and 29 U.S.C. § 1109.  The Resinall Defendants first argue that this Count

must be dismissed because the Plan is a top hat plan and is therefore exempted from these provisions by 29 U.S.C. § 1101(a)(1).  As discussed above, the Court is unable to determine on the basis of the pleadings whether the Plan is a top hat plan, and therefore declines to dismiss Count Two on this basis.

The Resinall Defendants further argue that the Plaintiff has no standing to sue for inclusion into the New Plan because it was created over two years after the Plaintiff left the company.  It is undisputed that the New Plan was created in 2002, more than two years after the Plaintiff terminated his employment with the Resinall Defendants, and that he is not named as a beneficiary of the New Plan.  However, the Plaintiff argues that the New Plan constitutes an illegal modification of the original Plan intended to eliminate the Plaintiff as a beneficiary.  In Fenwick, 2007 WL 703613 at *5, the Court (Eginton, J.) held that amending a plan does not constitute a fiduciary act, and therefore dismissed a claim alleging breach of fiduciary duty based upon a plan amendment.  The Fenwick Court relied upon United States Supreme Court precedent holding that E.R.I.S.A.'s fiduciary duty requirement was not implicated when an employer or plan sponsor makes an amendment regarding the plan's form or structure relative to who is entitled to receive benefits or how such benefits are calculated.  See Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 443-44 (1999); see also Lockheed Corp. v. Spink, 517 U.S. 882, 890 (1996) (holding that an employer does not act as a fiduciary when it establishes, modifies or terminates an E.R.I.S.A.-covered pension plan).  This precedent also compels the dismissal of Count Two in this case.

14

Count Three of the Second Amended Complaint asserts that the Defendants violated 29 U.S.C. §§ 1021, 1023, and 1024(b) by failing to provide the Plaintiff with a summary plan description and annual report.  Under E.R.I.S.A., an "administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."  29 U.S.C. § 1024(b)(4).  If the administrator fails to provide the requested information within thirty days, it may be "personally liable to such participant or beneficiary in the amount of up to $100 per day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper."  29 U.S.C. § 1132(c).

The Resinall Defendants contend that Count Three must be dismissed because the Plaintiff has failed to identify an Administrator of the Plan, let alone name it as a Defendant or serve it with process.  As discussed above, the Plan unambiguously names the Pension Committee as the plan administrator.  See Plan § 5.01.  However, the Pension Committee has not been named as a Defendant in this action or served with process, and therefore the Court has no jurisdiction over the Pension Committee.  The Resinall Defendants are not administrators of the Plan and therefore cannot be held liable under 29 U.S.C. § 1132(c).  Accordingly, Count Three is dismissed.

### III.  Conclusion

Based on the above reasoning, the Defendants' motion to dismiss [Doc. #139] is GRANTED IN PART and DENIED IN PART.  Counts Two and Three are dismissed in their entirety.  In addition, Defendants Resinall International, Inc., Resinall Mississippi, Inc., and Resinall, Inc. are dismissed from this case, as there are no surviving claims asserted against them.  Defendants Lee Godina and Resinall Corp.'s Deferred Compensation Plan are also dismissed from this case because they have not been served with process within 120 days from the date the Amended Complaint was filed naming them as Defendants as required by Fed. R. Civ. P. 4(m).  Count One may proceed only insofar as it alleges fiduciary misconduct claims against Resinall Corp.

If the Plaintiff seeks to amend his Complaint yet again to name additional Defendants or assert additional claims, in addition to complying with Fed. R. Civ. P. 5, he must explain in his motion to amend why such claims would not be barred by the applicable statute of limitations, including, without limitation, 29 U.S.C. § 1113.

IT IS SO ORDERED.

_____/s/_____
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut:  December 1, 2009.

16